TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00708-CR







Rodney Elder, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0940456, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






PER CURIAM

A jury found appellant guilty of aggravated sexual assault of a child. Tex. Penal Code Ann.
§ 22.021 (West 1994 & Supp. 1998). The district court assessed punishment at imprisonment for thirty-five years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of
counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate
record and to file a pro se brief. Appellant has filed a pro se brief containing seven points of error, one of
which challenges the sufficiency of the evidence.

Defense counsel's brief accurately summarizes the evidence as follows:


The evidence showed that [the complainant], when she was five years old, had been
sexually assaulted. [The complainant] testified at trial that her "Uncle Rod" had done it,
although she was unable to identify the Appellant from the stand. [The complainant's] older
brother and sister . . . testified that Appellant had slept with [the complainant] in the top
bunk of their bunk beds on the night of the alleged offense. Both [siblings] said they felt
the bed shake sometime during the night. When [the complainant] got up the next morning,
she told her mother [sic] and sister what had happened, as well as their mother . . . . [The
complainant's mother] brought her daughter to Seton Hospital for examination sometime
that night.


Although [the mother] was the outcry witness, she did not testify at trial. [She] had
apparently lost custody of her children for abusing and neglecting them sometime between
the time of the alleged offense and the time the case finally went to trial. Although the
children identified [the mother's] live-in boyfriend at the time of the offense as "Mike," the
man who showed up at the hospital that night identifying himself as her boyfriend was a
man named David Creighton. Testimony of various siblings of Appellant and [the mother]
showed that [the mother] lived with her children in very close quarters, in a 32-foot travel
trailer, and that [she] had overnight visits with a number of different men while the children
were present.


Various physicians and mental health professionals testified that, in their opinion,
[the complainant] had been sexually abused, and that [the complainant] had identified
"Uncle Rod" as the perpetrator. Appellant took the stand and denied the offense. 
Appellant claimed that he and his sister [the complainant's mother] had a falling out over
her desire to sell the trailer for a fraction of its worth and over her unseemly and
irresponsible behavior with regard to the children.



Appellant urges that the State failed to prove his identity as the person who sexually
assaulted the complainant. He points to the complainant's failure to positively identify him at trial and to
the evidence that other men were known to frequent the child's residence. The jury was the exclusive
judge of the credibility of the complainant and the other witnesses, and of the weight to give their testimony. 
Miller v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The "reasonable alternative
hypothesis" rule on which appellant relies has been overruled. Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991). Viewed in the light most favorable to the verdict, the evidence is sufficient to sustain
the conviction. See Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981) (standard of review). Point of error one is overruled.

In point of error two, appellant contends the prosecutors engaged in improper jury
argument. We find none of the remarks cited by appellant to be objectionable and, in any event, any error
was waived by the failure to object. Cockrell v. State, 933 S.W.2d 73 (Tex. Crim. App. 1996). Point
of error two is overruled.

Next, appellant contends the district court erred by giving a supplemental charge to the jury. 
The instruction in question was an "Allen charge" given by the court after the jury indicated that it was
deadlocked. Appellant did not object to this supplemental charge, which was identical to the instruction
recently discussed and approved by this Court. See Loving v. State, 947 S.W.2d 615, 619-20 (Tex.
App.--Austin 1997, no pet.); 8 Michael J. McCormick, Thomas D. Blackwell and Betty Blackwell,
Criminal Forms and Trial Manual § 96.31 (Texas Practice 10th ed. 1995). No error is presented. 
Point of error three is overruled.

Appellant's fourth point of error is that he received ineffective assistance of counsel at trial. 
Appellant contends that trial counsel: should have moved for a dismissal of charges when the complainant
failed to identify him at trial, should have objected to the improper prosecutorial argument, should have
objected to the supplemental charge, should have made the State call all available witnesses, should have
raised the above matters in a motion for new trial, and should have requested a circumstantial evidence
charge. Several of these alleged errors by counsel were not, in fact, errors at all. The others raise
questions of trial strategy that cannot be reviewed on the present record. Appellant has not overcome the
presumption that counsel provided reasonable professional assistance. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994). Point of error four is overruled.

Appellant also complains that his attorney on appeal was ineffective because he filed a
frivolous appeal brief. In a related point, appellant complains that his limited legal knowledge and limited
access to research material left him unable to adequately act on his own behalf after the frivolous appeal
brief was filed. We have already stated that appellate counsel fulfilled his constitutional and professional
responsibilities to appellant. Appellant was afforded all the rights to which he is entitled under Anders and
subsequent opinions. Points of error five and seven are overruled.

Finally, appellant asserts that the reporter's record contains various errors and omissions. 
We cannot determine the truth of these assertions. None of the alleged errors and omissions in the record
is relevant to any other point of error brought forward by appellant. Point of error six is overruled.


The judgment of conviction is affirmed.




Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 8, 1998

Do Not Publish



r her unseemly and
irresponsible behavior with regard to the children.



Appellant urges that the State failed to prove his identity as the person who sexually
assaulted the complainant. He points to the complainant's failure to positively identify him at trial and to
the evidence that other men were known to frequent the child's res